In re: **UNITED STATES DISTRICT COURT FOR the SOUTHERN DISTRICT OF CALIFORNIA, Appellee.**

**United States of America,
Plaintiff—Appellant,**

v.

**John Doe, Defendant.**

Nos. 07–72599, 07–50305.

United States Court of Appeals,
Ninth Circuit.

Argued & Submission Deferred
Aug. 6, 2007.

Resubmitted Feb. 21, 2008.

Filed March 4, 2008.

Before: KOZINSKI, Chief Judge, D.W. NELSON and RAWLINSON, Circuit Judges.

**MEMORANDUM ***

1. We have jurisdiction under the collateral order doctrine. *In re Copley Press, Inc.,* 518 F.3d 1022, 1024–25 (9th Cir.2008) (filed concurrently herewith). The clerk is directed to alter the docket accordingly.

2. The February 21, 22 and April 24 hearings, and one portion of the February 23 hearing, Tr. from p. 4 to p. 13, line 17, Feb. 23, 2007, were closed to the public so that the government could explain its compelling reasons for sealing defendant's plea. Another closed portion of the February 23 hearing dealt with the reasons for sealing defendant's sentencing and probation: Tr. from p. 40, line 12 to end, Feb. 23, 2007. The public has no right to access the transcripts of these hearings, so we vacate the district court's order and direct

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the court to keep sealed the redacted portions of these transcripts, which have not yet been made public. *See In re Copley Press,* 518 F.3d at 1027–28.

3. The district court also held a public hearing on the motion to seal: Tr. pp. 1–3, Feb. 23, 2007. The government doesn't oppose unsealing this transcript, so it wasn't an abuse of discretion to do so. *See In re Copley Press,* 518 F.3d at 1028–29 (abuse of discretion standard applies to order unsealing proceedings).

4. The public has a qualified First Amendment right to access the transcript of defendant's plea colloquy: Tr. from p. 13, line 18 to p. 40, line 11, Feb. 23, 2007. *See In re Copley Press,* 518 F.3d at 1025–27. The government seeks to seal the references to defendant's cooperation, but offers no compelling reason and concedes that "the fact that [defendant] is a cooperating witness ... is not, and need not be, under seal." Br. for the United States at 9. The district court didn't abuse its discretion by unsealing the unredacted colloquy transcript. *See In re Copley Press,* 518 F.3d at 1028–29 (abuse of discretion).

**AFFIRMED in part, VACATED in part and REMANDED. DOCKET AMENDED.**